IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM JAMES,                    )<br>                  Petitioner,        )<br>       vs.                                      )<br>                                              )<br>MARK SHEPPARD, Warden,  )<br>                  Respondent.     )<br>_____ ) | No. C 06-3131 CRB (PR)<br><br>ORDER DENYING PETITION<br>FOR A WRIT OF HABEAS<br>CORPUS |

      Petitioner pleaded no contest to inflicting corporal injury on a cohabitant and admitted a firearm use enhancement in the Superior Court of the State of California in and for the County of Alameda.  On June 28, 2004, the trial court sentenced him to the lower term of two years for the corporal injury charge and the upper term of 10 years for the enhancement, for a total term of 12 years in state prison.  Petitioner appealed, but the California Court of Appeal affirmed the judgment of the trial court and the Supreme Court of California denied review.

      Petitioner then filed the instant federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 claiming that he was denied his Sixth Amendment right to proof before a jury beyond a reasonable doubt of the circumstances in aggravation used to increase his sentence on the enhancement beyond the middle

term. He also claims that the trial court failed to state adequate reasons for imposing the upper term for the enhancement. Per order filed on September 6, 2006, the court found that the petition, liberally construed, stated cognizable claims under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause and petitioner has filed a traverse.

## BACKGROUND

The California Court of Appeal summarized the factual and procedural background of the case as follows:

> At approximately 7:40 p.m. on October 12, 2003, Oakland Police Officer Barry Donelan responded to 2425 - 94th Avenue, apartment 1, to investigate a disturbance. Donelan had been told that the person who called 911 informed the dispatcher that his aunt had been hit by someone named "Mini Man." When Donelan arrived at the apartment he saw defendant, whose nickname was "Mini Man," standing outside and shouting into the apartment through the open door. Defendant was "verbally aggressive" and had been drinking.
>
> Donelan went into the apartment and spoke to the victim, Pearlie Rucker. She was scared and kept asking, "Is he out there?" Her right eye and the top right side of the back of her head were red and swollen.
>
> Sergeant David Faeth interviewed Rucker on October 15, 2003. She told him she had been living with defendant for about eight months. At approximately 7:30 p.m. on October 12, she had been driving with her eight-year-old son in the area of 84th and B Streets in Oakland. She saw defendant on the street. He got into the car. He had been drinking. He became angry, "all of a sudden going off on her," because she wasn't home washing his clothes. He threw a bottle at her. She ducked and it hit the window.
>
> Rucker and her son got out of the car. Defendant followed, punched and slapped Rucker, then pulled out a pistol. He struck Rucker twice with the pistol in the back of her head, knocking her down. He "stomped" on Rucker and said he was going to kill her. Defendant fired a shot into the air, then hid the gun in a backyard.
>
> Rucker was able to get herself and her son to her mother's apartment at 2425 - 94th Avenue. Defendant followed her. She went outside to talk to him and he punched her. She went back in the house and told a family member to call the police.

2

> This led to Donelan's response to the apartment. A short while later, Donelan found a bullet casing in the area of 84th and B Streets.
>
> The People charged defendant with a violation of Penal Code section 273.5, subdivision (a), [inflicting corporal injury on a cohabitant], as well as four other felonies and various enhancements, including personal use of a firearm. Pursuant to a negotiated plea agreement, defendant entered a *Cruz* waiver (*People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*)), pleaded no contest to the violation of section 273.5, subdivision (a), and admitted a firearm enhancement, in exchange for a proposed sentence of five years.
>
> A *Cruz* waiver allows a defendant to be released pending sentencing with the understanding that the trial court may impose a sentence greater than that bargained for if the defendant fails to appear for sentencing or otherwise violates the terms of his release. (See *Cruz, supra,* 44 Cal.3d at p. 1254, fn. 5.) In the present case those terms included defendant's promise to be of good conduct and obey all laws.
>
> Defendant violated the terms of his release. Prior to sentencing he was arrested for a drug offense. The People urged the trial court to impose a 14-year sentence. "In light of the *Cruz* violation," the trial court sentenced defendant to the lower term of two years for the corporal injury charge, and upper term of 10 years on the firearm enhancement, for a total of 12 years.

People v. James, No. A 107289, 2005 WL 1871165, at **1-2 (Cal. Ct. App. Aug. 9, 2005) (footnote omitted).

## DISCUSSION

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

3

Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

4

B.  Claims & Analysis

Petitioner raises two claims for relief under § 2254: (1) that he was denied his Sixth Amendment right to proof before a jury beyond a reasonable doubt of the circumstances in aggravation used to increase his sentence on the enhancement beyond the middle term; and (2) that the trial court failed to state adequate reasons for imposing the upper term for the enhancement.

1.  Right to proof before a jury beyond a reasonable doubt

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to a trial by jury. U.S. Const. amend. VI. This right to a jury trial has been made applicable to state criminal proceedings via the Fourteenth Amendment. Duncan v. Louisiana, 391 U.S. 145, 149-50 (1968).

The Supreme Court's Sixth Amendment jurisprudence was significantly expanded by Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, which extended a defendant's right to trial by jury to the fact finding used to make enhanced sentencing determinations as well as the actual elements of the crime. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. The "statutory maximum" for Apprendi purposes is the maximum sentence a judge could impose based solely on the facts reflected in the jury verdict or admitted by the defendant; that is, the relevant "statutory maximum" is not the sentence the judge could impose after finding additional facts, but rather is the maximum he or she could impose without any additional findings. Blakely v. Washington, 542 U.S. 296, 303-04 (2004). The Court reaffirmed this basic principle when it determined that the federal sentencing guidelines violated the Sixth Amendment because they imposed mandatory sentencing ranges based on

factual findings made by the sentencing court.  See United States v. Booker, 543 U.S. 220, 233-38 (2005).  The sentencing guidelines were unconstitutional because they required the court to impose an enhanced sentence based on factual determinations not made by the jury beyond a reasonable doubt.  Id. at 243-245.

In Cunningham v. California, 127 S. Ct. 856 (2007), the Court held that California's determinate sentencing law ("DSL") violated the Sixth Amendment because it allowed the sentencing court to impose an elevated sentence based on aggravating facts that it found to exist by a preponderance of the evidence.  127 S. Ct. at 860, 870-71.  The sentencing court was directed under the DSL to start with a "middle term" and then move to an "upper term" only if it found aggravating factual circumstances beyond the elements of the charged offense. Id. at 862.  Concluding that the middle term was the relevant statutory maximum, and noting that aggravating facts were found by a judge and not the jury, the Court held that the California sentencing law violated the rule set out in Apprendi.  Id. at 871.  Although the DSL gave judges broad discretion to identify aggravating factors, this discretion did not make the upper term the statutory maximum because the jury verdict alone did not authorize the sentence and judges did not have the discretion to choose the upper term unless it was justified by additional facts.  Id. at 868-69.

Cunningham had not yet been decided when petitioner's conviction became final on January 24, 2006.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (conviction final after time for filing petition for writ of certiorari has elapsed).  There thus is a serious question whether retroactive application of it would violate Teague v. Lane, 489 U.S. 288 (1989).  But the court need not address the retroactivity question because Blakely made clear before petitioner's conviction became final that the rationale of Apprendi and its progeny does not

prevent a defendant from waiving his Apprendi rights. Blakely, 542 U.S. at 310. "When a defendant pleads guilty, the State is free to seek judicial sentence enhancements so long as the defendant either stipulates to the relevant facts or consents to judicial factfinding." Id. (citations omitted).

Respondent argues that Apprendi and its progeny do not apply to the instant case because petitioner's Cruz waiver amounted to a consent to judicial factfinding. The court agrees.

Petitioner entered into a plea agreement for a five-year sentence and received bail in return for a Cruz waiver. The terms of the Cruz waiver stated that petitioner would "remain of good conduct, obey[] all laws, and return [for] sentencing on June 7, 2004; otherwise the Court could sentence[] petitioner up to the maximum term of 14 years." Pet. at 6(a). Petitioner accepted the terms of the Cruz waiver in open court:

> THE COURT:  . . . I'm going to continue the matter for sentencing. You will remain out of custody until June 7th. We'll do the sentencing on June 7th.
>
> You'll be referred to the Probation Department, and you are to cooperate with them in preparing the sentencing report for me.
>
> The maximum exposure would be 14 years in state prison. I reserve the right to sentence you to 14 years in state prison when you come back, or I should say, if you don't come back.
>
> We have an agreement that you will be sentenced to five years in the state prison if you are, in fact, of good conduct and obey all laws between now and the sentencing, and you return to sentencing as directed, and you report to and cooperate with the Probation Department in preparing that report. If you do all those things, then the agreement would be five years in state prison, which you would serve at 85 percent.
>
> If you violate any of those conditions, it could be up to 14 years at 85 percent.
>
> Do you understand that?
>
> THE DEFENDANT: Yes, I do.

7

Resp't Ex. A at 116-17. Petitioner then proceeded to waive his rights under Boykin v. Alabama, 395 U.S. 238 (1969), and In re Tahl, 1 Cal. 3d 122 (1969), including his right to jury trial, and pleaded no contest to the corporal injury charge and firearm enhancement. See Resp't Ex. A at 118-20.

Unfortunately for petitioner, he was arrested for a new felony offense before the June 2004 sentencing and scheduled for arraignment. At the sentencing, the prosecutor asked for the maximum 14-year sentence based on the apparent Cruz violation. The court agreed that petitioner had violated the Cruz waiver and, in light of the violation, sentenced petitioner to the lower term of two years for the corporal injury charge, and the upper term of 10 years on the firearm enhancement, for a total of 12 years in state prison. Resp't Ex. B-2 at 1-2.

The record shows that petitioner reasonably understood that the court, not a jury, would determine whether a post-plea and pre-sentence violation of his Cruz waiver would result in an upper term sentence. Put simply, petitioner waived his right to a jury on whether there was a violation of the Cruz waiver. See Blakely, 542 U.S. at 310 (nothing prevents a defendant from waiving his Apprendi rights). And although Apprendi mentions not only the right to a jury trial, but also the right to proof beyond a reasonable doubt, see Apprendi, 530 U.S. at 476-77, 490, there was no violation of the latter right here. The trial court's finding that petitioner violated his agreement to remain in good conduct and obey all laws was properly based on petitioner's arrest and scheduled arraignment for a new drug violation. Petitioner is not entitled to federal habeas relief on his Apprendi and progeny claim.

2. Failure to state adequate reasons

Petitioner claims that the trial court failed to state an adequate reason for imposing the upper term because an arrest cannot be used to aggravate

a sentence.

    The California Court of Appeal rejected petitioner's claim on the ground that petitioner had "fail[ed] to object below." People v. James, 2005 WL 1871165, at *2 (citing People v. Scott, 9 Cal. 4th 331, 353-56 (1994); People v. Brown, 83 Cal. App. 4th 1037, 1041-42 (2000)).  It added that the claim was without merit:

> The trial court was entitled to rely on defendant's *Cruz* violation as an aggravating factor, because the court may consider virtually any fact pertinent to the offense or the defendant which has a legitimate bearing on the issue. (*Brown, supra,* at pp. 1043-1044.) The *Cruz* violation certainly has a legitimate bearing on sentencing. (Cf. *People v. Combs* (1986) 184 Cal.App.3d 508, 511 [defendant's bail status pertinent to sentencing].)

People v. James, 2005 WL 1871165, at *2.

    The Ninth Circuit has repeatedly held that California's contemporaneous objection rule, which requires objection at time of trial to preserve an issue for appeal, is an adequate procedural bar to federal habeas review.  See Davis v. Woodford, 384 F.3d 628, 653-54 (9th Cir. 2004); Vansickel v. White, 166 F.3d 953, 957-58 (9th Cir. 1999); Hines v. Enomoto, 658 F.2d 667, 673 (9th Cir. 1981).  The California Court of Appeal's invocation of the contemporaneous objection rule here accordingly precludes federal review of petitioner's inadequate reason claim unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  See Coleman v. Thompson, 501 U.S. 722, 750 (1991).  Petitioner makes no such showing.  His claim is barred from federal habeas review.  See Davis, 384 F.3d at 653-54 (finding Sixth Amendment claim procedurally barred where state appellate court found claim waived because petitioner failed to raise it below).

9

In any event, petitioner's claim that his post-Cruz arrest did not constitute a valid reason to aggravate his sentence is a question of state law not cognizable under § 2254.  See Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions is question of state sentencing law and does not state constitutional claim).  This court is bound by the California Court of Appeal's determination that, under California law, the trial court was entitled to rely on petitioner's Cruz violation as an aggravating factor.  See Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus).

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

The clerk shall enter judgment in favor of respondent and close the file.

SO ORDERED.

DATED:  March 24, 2008

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.06\James1.denial.wpd